HOWARD v. HOYLE AND TAYLOR v. HOYLE.

BENJAMIN HOWARD, BY HIS NEXT FRIEND, LUTHER HOWARD v.
EDWARD EUGENE HOYLE
AND
LUTHER HOWARD v. EDWARD EUGENE HOYLE
AND
WILLIE J. TAYLOR v. EDWARD EUGENE HOYLE.

(Filed 17 October 1962.)

Automobiles § 46;    Negligence § 28—

Where the court fails to apply the law relating to proximate cause to the evidence in the case and defines proximate cause solely by analogy to a hypothetical statement of facts at variance with and inapplicable to the facts in evidence, the charge must be held prejudicial.

APPEAL by plaintiffs from Pless, J., June 18, 1962, Special B Term of MECKLENBURG.

On April 9, 1961, between 6:00 and 6:30 p.m., a 1955 Oldsmobile operated by Luther Howard in an easterly direction along the outside eastbound travel lane of U. S. Highway #74 in Gaston County was struck from the rear as it approached the Catawba River Bridge by a 1955 Ford automobile operated by defendant in an easterly direction along said outside eastbound travel lane of said highway. When the collision occurred, there was a hard downpour of rain and the highway was wet and slick.

Luther Howard, the driver, and Benjamin Howard, Luther's minor son, and Willie J. Taylor, passengers in said Oldsmobile, instituted separate actions to recover damages for personal injuries allegedly caused by the negligence of defendant.

As to what caused the collision and injuries resulting therefrom, each plaintiff alleged in substance the following: When the vehicle operated by Luther Howard "reached a point about fifteen (15) or twenty (20) feet west of the intersection of U.S. Highway #74 aforesaid and N.C. Highway #7, and the western end of the Catawba River Bridge, the defendant . . . drove into the left-hand rear end of said vehicle with his 1955 Ford . . ." The collision was proximately caused by the negligence of defendant in that he operated his car at an unlawful and excessive speed, failed to keep a proper lookout, failed to keep his car under proper control, and followed too closely the car operated by Luther Howard.

Defendant, in separate answers, denied all allegations as to his negligence. In the Luther Howard case, defendant pleaded the contributory negligence of Luther Howard in bar of his right to recover. With reference thereto, defendant alleged in substance the following: As defendant proceeded along U.S. Highway #74, "the plaintiff sudden-

ly and without any signal or warning applied his brakes and abruptly decreased the speed of his automobile and that this defendant, upon observing the above action of the plaintiff's vehicle, immediately applied his brakes in an effort to avoid colliding with the plaintiff's automobile, but the defendant's automobile skidded forward due to the wet condition of the highway and collided with the rear of the plaintiff's automobile."

On defendant's motion, the three actions were consolidated for trial. Evidence was offered by plaintiffs and by defendant.

Separate issues were submitted in each case. In each case, the only issue answered by the jury was the first issue, to wit, "Was the plaintiff injured by the negligence of the defendant as alleged in the Complaint?" And in each case the jury answered this issue, "No." Thereupon, in each case, judgment "that the plaintiff have and recover nothing of the defendant," was entered. Plaintiffs excepted and appealed, assigning errors.

*Wyche, Nivens & Brown for plaintiff appellants.*
*Haynes & Bernstein for defendant appellee.*

PER CURIAM.   Plaintiffs assigned as error, *inter alia*, portions of the court's instructions relating to the first issue(s), including that quoted below.

The court's instruction as to proximate cause, as it appears in the record before us, was as follows: "The proximate cause of the injury is the efficient cause, the cause without which it would not have occurred, and the showing of negligence without showing that was the proximate cause of the injury is not sufficient. (To use an illustration here, if it should turn out that if this incident had occurred, say at night, when all lights should be on and should turn out the defendant in this case didn't have a headlight, that met the requirements of the Statutes, that would be negligence, but it wouldn't be actionable negligence, because failure to have proper headlights wouldn't have anything to do with the collision in which a car is struck from the rear, so that would not be the proximate cause or a proximate cause.)" Plaintiff excepted to the portion within parentheses.

Presumably, "the defendant," as used in said challenged portion of the court's instructions, does not refer to the defendant in this action. The (illustrative) instruction seems to relate to a factual situation that would exist if a motorist otherwise in defendant's situation were driving at night without headlights. In such case, according to this instruction, the failure to have proper headlights would not be the proximate cause or a proximate cause of a rear-end collision.

The (illustrative) instruction is erroneous. Where a car traveling on the highway at night is struck from the rear by an overtaking car, whether the overtaking car had proper headlights is relevant in respect of whether the negligence of the driver of the overtaking car proximately caused such rear-end collision. Assuming, as we must, the record correctly brings forward the court's instruction, it seems probable the court had in mind a factual situation in which, although traveling at night, there were no headlights on the forward or overtaken car.

While plaintiffs did not allege defendant operated his car without headlights as a ground of negligence, the extent defendant could see what was in front of him was relevant in determining whether defendant was negligent in the respects alleged and whether such negligence proximately caused the rear-end collision. It is noted that defendant testified: "It was raining hard. You couldn't see too far but could see pretty good. It was dark enough to have lights on. I had my parking lights on. I believe it was that dark anyway."

We cannot know to what extent, if any, the erroneous (illustrative) instruction was prejudicial to plaintiffs. However, "proximate cause" was not defined except in the quoted portion of the charge. Nor do we find the court gave any instruction illustrating (applying) proximate cause in terms of the evidence of this particular case. In these circumstances, we think it probable the erroneous (illustrative) instruction confused the jury and prejudiced plaintiffs to such extent that a new trial should be awarded. It is so ordered.

New trial.